IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYEEM KING,

    Plaintiff,

    v.

STATE OF MARYLAND,
PRINCE GEORGE'S COUNTY,

    Defendants.

Civil Action No.:  JRR-25-2485

**MEMORANDUM ORDER**

On July 28, 2025, Plaintiff Kyeem King filed the above-entitled civil rights complaint along with Motions to Proceed in Forma Pauperis, which the Court now grants.  ECF Nos. 2 and 5.  For the reasons that follow, the complaint must be dismissed.

Mr. King states that on October 24, 2019, he was indicted in Prince George's County on six charges including two counts of second-degree murder, in connection with the shooting deaths of two men found deceased in the front seat of a car on June 1, 2019.  ECF No. 1 at 1-2.  After a jury trial, he was found guilty and sentenced on September 7, 2022.  *Id*.  His conviction was subsequently reversed and remanded for a new trial by the Maryland Appellate Court based on that court's view that the state improperly withheld "bench notes" regarding a firearms expert who testified at trial.  *Id*. at 2-3.  Mr. King is currently awaiting a new trial.

In his complaint, Mr. King raises a claim of false arrest.  *Id*.  He alleges that probable cause was never established for his arrest because he was taken into custody following a pretextual traffic stop that was planned and executed by police.  He adds that he was arrested on a fabricated warrant for a parole violation and that it was later proven conclusively that both the warrant and the stop

were baseless. He seeks immediate dismissal of the indictment; a bond hearing; and $250,000 in damages per year of his alleged false incarceration. *Id*. at 3.

Mr. King has filed similar claims with this Court without success. *King v. Prince George's County*, JRR-23-2923 (D. Md.) (dismissal of mandamus for lack of jurisdiction); *King v. State of Md.*, Civil Action JRR-24-3323 (D. Md.) (dismissal of habeas corpus petition as unexhausted); *King v. State of Md.*, Civil Action JRR-25-2478 (D. Md.) (dismissal of habeas corpus petition as unexhausted); *King v. Paddy et al.*, Civil Action DKC-25-867 (D. Md.) (discussing why King may not pursue damages claim for false arrest and malicious prosecution as well as habeas relief in 1983 complaint or 2254 petition); *King v. Windsor, et al.*, Civil Action DKC-25-868 (D. Md.) (same). He has been provided with opportunities in the past to clarify whether his intention was to pursue a damages claim or to pursue a federal habeas claim. He was further advised on those occasions that he could not pursue both in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. When he has opted to pursue habeas relief, it is clear that his claims have not been exhausted, yet he persists in filing repetitive pleadings raising the same claims. The instant complaint is strikingly similar to the pleadings filed in Civil Actions DKC-25-2625 and the amended petition filed in DKC-25-2088.

Mr. King is now in a position where a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge the validity of his conviction is premature given that his conviction has been overturned and he has not exhausted state remedies with respect to the new trial. Further, Mr. King may not pursue a damages claim for false arrest because his convictions establish as a matter of Maryland law the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings. *See Ghazzaoui v. Anne Arundel Cty.*, 659 F.App'x 731, 733-34 (4th Cir. 2016) (citing *Zablonsky v. Perkins*, 187 A.2d 314, 316 (1963)); *Quecedo v.*

*DeVries*, 321 A.2d 785 (1984). Nothing about the opinion overturning Mr. King's conviction addresses the validity of his arrest. *See King v. State of Md., et al.*, Civ. Action DKC-25-2625 (D. Md. 2025) at ECF No. 1-1 (Appellate Court of Maryland Opinion No. 1779). Mr. King is advised that any attempt to challenge the validity of this conviction or sue for damages in connection with this conviction prior to the conclusion of his new trial, direct appeal, and post-conviction proceedings, will result in summary dismissal as set forth herein. His continued efforts to file identical claims in this regard border on abusive.

Additionally, Mr. King's right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule). This case is dismissed under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim.

Accordingly, it is this 19th day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motions for Leave to Proceed in Forma Pauperis (ECF Nos. 2 and 5) ARE GRANTED;

2. The complaint IS DISMISSED for failure to state a claim;

3. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Mr. King and CLOSE this case.

/S/

_____
Julie R. Rubin
United States District Judge